# In The United States Court of Federal Claims

No. 12-127C

(Filed: October 22, 2012)

_____

SOUTH WESTERN OKLAHOMA
DEVELOPMENT AUTHORITY,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

_____

**PROTECTIVE ORDER**

_____

       This case is before the court pursuant to defendant's motion for Protective Order pursuant to Rule 26(c) of the Rules of this Court and the Privacy Act of 1974, 5 U.S.C. § 552a.

**IT IS ORDERED** that:

1.     Subject to the provisions of this Protective Order, defendant is authorized to release Government records, or information derived from such records, to plaintiff and its representatives, the release of which would be otherwise prohibited by the Privacy Act, but is not objectionable upon grounds other than the Privacy Act.

2.     "Protected Information," as used herein, means any information that is both:

    (a)     required to be kept confidential pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, *i.e.*, any item, collection, or grouping of information about an individual that is maintained by an agency and is contained in a system of records; and

    (b)     designated protected by defendant, pursuant to paragraphs 5 or 8 of this order, based upon the reasonable belief that the public release of such information by plaintiff would be contrary to the public interest.

3.     Defendant shall not designate information protected that has already been in the possession of plaintiff or was derived from information that was already in the possession of plaintiff.

4. An "Authorized Person" under this protective order includes only:

   (a) personnel of the Court, the Department of Justice, the Department of Defense, and any Executive Branch personnel involved with or affected by this litigation;

   (b) personnel of the plaintiff, including plaintiff's counsel and administrative personnel supporting plaintiff's counsel in this litigation;

   (c) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts; and

   (d) any person agreed to by the parties in writing or allowed by the Court.

5. Authorized Persons shall use protected information solely for purposes of this litigation, may provide protected information only to other Authorized persons, and shall not give, show, make available, discuss, or otherwise communicate protected information in any form except as provided herein. This order shall not prevent a party from using or disclosing information that it is in its possession independent of this litigation, even if the information has been designated protected pursuant to this order.

6. Before being provided access to protected information under this Order, any Authorized Persons shall personally review this Order and shall execute and date an acknowledgment as follows:

   > I acknowledge that I have read the Protective Order which was approved and entered by the United States Court of Federal Claims in *South Western Oklahoma Development Authority v. United States,* No. 12-127C, on October 22, 2012. I understand the Order and agree to comply with its requirements for all record access or disclosure that is provided to me pursuant to the Order.

   Promptly upon termination of involvement in this action, such persons shall return to the respective attorney of record or destroy any records produced pursuant to this Order and in such persons' possession or any documents that contain confidential information derived therefrom and shall certify in writing to the respective attorney of record such return or destruction. The attorneys of record shall retain all such acknowledgments and certifications and shall provide copies thereof to opposing counsel upon request.

7. Protected information must be identified as follows:

    (a)    if provided in electronic form, the subject line of the electronic transmission shall read "**CONTAINS PROTECTED INFORMATION**"; or

    (b)    if provided in paper form, the document must be sealed in a parcel containing the legend "**PROTECTED INFORMATION ENCLOSED**" conspicuously marked on the outside.

The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating "Protected Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order."

8. Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the "**SEALED**" documents menu. If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 5(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

9. If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

10. Information disclosed in a deposition or at trial may be designated as protected information by indicating on the record the portion of the testimony that contains protected information, or by serving a written notification upon the party that elicited or proffered the information within 30 days of the receipt of the transcript by counsel for the designating party. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this protective order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be protected information.

11. Redacting Protected Documents For the Public Record.

    (a)    After filing a document containing protected information in accordance with paragraph 5, or after later sealing a document pursuant to paragraph 7, a party may serve on the other parties a proposed redacted version marked "Proposed Redacted Version" in the upper right-hand corner of the first page with the claimed protected information deleted.

(b) If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked "Agreed-Upon Redacted Version" in the upper right-hand corner of the page with the additional information deleted.

(c) At the expiration of the time period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party may file with the court the final redacted version of the document clearly marked "Redacted Version" in the upper right-hand corner of the first page. This document will be available to the public.

(d) Any party at any time may object to another party's designation of certain information as protected. If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution. Until the court resolves the matter, the disputed information must be treated as protected.

12. If defendant makes available documents for inspection, then prior to copying, all documents and things made available shall be treated as protected information for purposes of the inspection only. If plaintiff then selects any documents for copying, or things for further inspection, defendant shall, before the copying or further inspection, label any documents or things it wishes to designate as protected information.

13. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. Whenever any such person is provided access to or disclosure of confidential records by electronic means, such means shall be reasonably secure using available technology (including firewall and server security measures as appropriate). The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

14. Defendant may at any time waive the protection of this Protective Order with respect to any and all information by so advising the Court and counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

15. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an

      appropriate motion with the Court that sets forth the basis for the relief sought.

16.     Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

17.     The parties shall negotiate promptly and in good faith to try to resolve all disputes or objections arising under or concerning any provision of this Order. If the parties cannot mutually resolve a dispute or objection, including without limitation through the use of redactions, either party may seek a further order of the Court seeking appropriate relief.

18.     Within 270 days after final disposition of this action, including any appeals, plaintiff shall identify records produced by defendant pursuant to this Order that it wishes to retain and shall return or destroy all other records produced by defendant pursuant to this Order. Within 120 days after plaintiff identifies the records that it wishes to retain, defendant shall review those records and propose redactions. Within 90 days after receiving defendant's proposed redactions, plaintiff shall provide any proposed revisions or objections thereto, stating the bases therefor. Plaintiff may retain records identified as above either for which defendant has not proposed redactions or which have been redacted by agreement of the parties or by order of the Court. Each party shall timely certify to the other party regarding completion of the above actions. Records retained by plaintiff pursuant to this paragraph shall no longer be subject to this Order.

**IT IS SO ORDERED.**

                                          s/ Francis M. Allegra
                                          Francis M. Allegra
                                          Judge